UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TIMOTHY R. SCHWINGLE,

                                  Plaintiff,         DECISION AND ORDER

-vs-

                                                          20-CV-6394 CJS

UNITED STATES OF AMERICA,

                                  Defendant.

_____

INTRODUCTION

This is an action brought pursuant to the Federal Tort Claims Act ("FTCA") by an army veteran who maintains that the Veteran's Administration ("VA") negligently failed to process his application for disability benefits more than fifty years ago. Now before the Court is Defendants' motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction. For reasons discussed below the application is granted and the action is dismissed without prejudice.

BACKGROUND

Unless otherwise noted the following facts are taken from Plaintiff's Amended Complaint, ECF No. 7, and are assumed to be true for purposes of this Decision and Order. In or about January 1972, Plaintiff Timothy Schwingle ("Plaintiff") was honorably discharged from the U.S. Army after serving in Vietnam. Decades later, in December 2017, Plaintiff reviewed his "C File," which is a collection of records kept by the Veterans Administration concerning a veteran's claims for benefits. Amongst the documents in

1

the C File was a "Form SA 664," "Serviceman's Statement Concerning Application for Compensation from the Veterans Administration," which Plaintiff evidently signed and dated on January 25, 1972.   The Form SA 664 indicated, in pertinent part, that Plaintiff had filed an application for "compensation from the Veterans Administration" using VA Form 21-526E, though a copy of such an application was not in Plaintiff's C File.[1] Plaintiff purportedly had no recollection of filing either the Form 664 or a Form 21-526E, nor had he ever had any communication with the VA about such an application after leaving the Army.   Nevertheless, based on the discovery of the Form 664, Plaintiff believes that he filed an application for benefits on or about January 25, 1972, which the VA never "processed or adjudicated."

On or about August 21, 2019, Plaintiff filed a tort claim with the VA pursuant to the FTCA.   In pertinent part, the claim stated:

> Veteran applied for VA disability benefits in January 1972 (see attached form DA 664).   Milwaukee VA Regional Office (Veteran's then-home region) failed to adjudicate this claim from 1972 to present day.   Due to suffering PTSD symptoms for almost 50 years, Veteran did not recall the existence of this application until December 2017.   As indicated in the attached documents, Veteran's son (Jason), and Veteran's then-appointed representative (Matthew Murray), discovered information about the previous application in Veteran's C-File on December 8, 2017.
>
> ***
>
> Veteran and spouse are demanding a total of $1,804,221.00 for backpay of compensation payments from 1972 until present plus applicable interest.[2]

---

[1] Plaintiff alleges that he suffered post-traumatic stress disorder ("PTSD") as a result of his experiences in the Army.

[2] Plaintiff's original Complaint in this action further explained that the amount sought as damages here correlates to the amount of disability benefits which Plaintiff believes he should have received. *See, e.g.*, Complaint, ECF No. 1 at ¶ 27 ("Plaintiff was damaged by the above [negligence] in the amount of $1,804,221 (the total amount of back benefits due from 1972 through 2019 in 2019 dollars) plus statutory interest.").

ECF No. 7.

On or about December 16, 2019, the VA notified Plaintiff that it was denying his claim, stating in pertinent part:

> According to the description outlined in your claim, this matter involves the administration of VA benefits and not a tort under State law.  Your claim fails to allege a claim cognizable under the FTCA and therefore, there is no jurisdiction to consider your claim under the FTCA.  Information on filing benefit claims and appeals with the VA can be found at https://www.vets.gov/disability-benefits/.  VA's decisions and actions on such benefit claims may be reviewed only by the United States Court of Appeals for Veterans Claims and the United States Court of Appeals for the Federal Circuit and may not be reviewed by any other court (sections 511, 7252, and 7292, title 38, United States Code).[3]  If an error did occur in relation to handling your benefits, you may pursue an appeal through that exclusive review process.  Accordingly, you claim is denied.

ECF No. 7.

On June 12, 2020, Plaintiff commenced this action against the United States pursuant to the FTCA.  The Amended Complaint purports to assert six separate causes of action, as follows: 1) "negligence" in "handling, processing and communicating" about Plaintiff's disability claim application; 2) "negligently caused economic loss" resulting from negligence in "handling, processing and communicating about" Plaintiff's disability claim application; 3) "negligent infliction of emotional distress" resulting from negligence in "handling, processing and communicating about" Plaintiff's disability claim; 4) "negligence (Georgia)" in "handling, processing and communicating about" Plaintiff's disability claim committed in Georgia, where "Plaintiff made his application for disability benefits that

---

[3] As will be discussed further below, the VA's reference to "section 511" of 38 United States Code is more specifically to 38 U.S.C. § 511(a), which strips district courts of jurisdiction to hear cases involving challenges to benefits determinations by the VA.

Defendant failed to process, decide and/or communicate the results of"; 5) "negligence (Wisconsin)" in "handling, processing and communicating about" Plaintiff's disability claim committed in Wisconsin, "Plaintiff's home jurisdiction to which he returned after discharge from the United States Army in January 1972";[4] and 6) "negligent infliction of emotional distress (Wisconsin)" resulting from negligence in "handling, processing and communicating about" Plaintiff's disability claim committed in Wisconsin.   The pleading demands compensatory damages in the "amount of $1,800,000.00," which essentially mirrors the amount requested in the administrative claim filed with the VA "for backpay of compensation payments from 1972 until present plus applicable interest."

On September 29, 2020, Defendant filed the subject motion (ECF No. 8) to dismiss the Amended Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Defendant primarily maintains that subject-matter jurisdiction is lacking based on sovereign immunity, stating that "the United States has not waived its sovereign immunity over claims against the VA arising out of its handling of a veterans benefit claim." Rather, Defendant indicates that such claims fall under the Veterans Judicial Review Act of 1988 ("VJRA"), 38 U.S.C. § 511(a) ("Section 511(a)"), which requires all claims for veterans benefits to be filed with the Secretary of the VA, and provides for federal court review of the VA's decisions only by the U.S. Court of Appeals for Veterans Claims, the U.S. Court of Appeals for the Federal Circuit and the U.S. Supreme Court.[5]   Defendant asserts that Plaintiff's claim essentially relates to a denial of disability benefits, and that he cannot avoid the restrictions of § 511(a) by simply re-casting it as a negligence claim.[6]

---

[4]  The Amended Complaint alleges that Plaintiff has lived in New York State "from Summer 1975 onward."
[5]  ECF No. 4-1 at p. 7, incorporated by reference into Defendant's Motion to Dismiss, ECF No. 8.
[6]  *See*, ECF No. 4-1 at p. 8 ("Plaintiff cannot shoehorn his challenge to the VA's handling of his benefit claim into the jurisdictional boundaries of the FTCA by attempting to recast it as a negligence cause of action[.]").

4

Further, Defendant contends that even if the United States had otherwise agreed to be sued under the FTCA, Plaintiff "did not file an administrative claim within two years of the date of injury, and thus the statute of limitations under the FTCA has expired," which is a jurisdictional defect.   Finally, Defendant asserts that even if the claim were otherwise proper under the FTCA, the claim does not implicate the law of New York, and the pleading does not state viable state-law tort claims under the laws of Georgia or Wisconsin "for negligent failure to process a benefits claim," which is an additional jurisdictional defect.

Plaintiff opposes the motion and maintains that the Court has subject-matter jurisdiction, for the following reasons: 1) VJRA § 511(a) "only bars [district court] jurisdiction when the VA has actually made a decision" about a veterans benefit claim, which it never did in Plaintiff's case; 2) Plaintiff complied with the FTCA statute of limitations, taking into account his "due diligence" and equitable tolling; and 3) the United States "would be liable in Georgia, Wisconsin and New York for its conduct if [it were] a private person."[7]

The Court has carefully considered the well-drafted submissions of both sides. However, for reasons discussed below, the Court agrees with the first argument raised by Defendant and consequently does not reach the remaining arguments for dismissal.

## THE RULE 12(B)(1) STANDARD

Defendant moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Amended Complaint for lack of subject-matter jurisdiction.   "A case is properly dismissed for lack

---

[7] In his response to Defendant's motion to dismiss the original Complaint, Plaintiff argued that the negligence occurred in the State of New York, and that the laws of Georgia and Wisconsin did not apply. *See*, ECF No. 5 at pp. 1, 8-9.   Plaintiff has now reconsidered that position.

of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). Defendant United States here maintains that the pleading is facially deficient, meaning that the Government does not dispute the key facts alleged in the pleading, but nevertheless maintains that subject-matter jurisdiction is lacking.

> When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it (collectively the "Pleading"), the plaintiff has no evidentiary burden. The task of the district court is to determine whether the Pleading alleges facts that affirmatively and plausibly suggest that the [court has subject matter jurisdiction].

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (citations and internal quotations omitted).

Dismissals for lack of subject-matter jurisdiction under Rule 12(b)(1) are without prejudice. *See, McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *2 (2d Cir. Sept. 15, 2022) ("A dismissal for lack of subject matter jurisdiction must be without prejudice, because 'without jurisdiction, the district court lacks the power to adjudicate the merits of the case.' *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016).").

### SOVEREIGN IMMUNITY, FTCA and VJRA

Plaintiff is attempting to sue the United States of America, which, of course, enjoys sovereign immunity from being sued, except insofar as it may consent to be sued. Moreover, even in situations in which the United States consents to be sued, a court's jurisdiction is limited by the terms of the Government's consent. *See, Hercules Inc. v. U.S.*, 516 U.S. 417, 422, 116 S.Ct. 981, 985 (1996) ("The United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (citations and internal

quotation marks omitted).    In other words, the United States decides when, where and how it can be sued.

Plaintiff here is attempting to sue the United States under the FTCA.  Again, though, the United States can only ever be sued to the extent that it has waived sovereign immunity, and such waivers are construed strictly. *See, e.g., Manchanda v. Lewis*, No. 21-1088-CV, 2021 WL 5986877, at *4 (2d Cir. Dec. 17, 2021) ("[I]t is well settled that "[s]overeign immunity is a jurisdictional bar, and a waiver of sovereign immunity is to be construed strictly and limited to its express terms.") (citations omitted).   The FTCA provides for a limited waiver of the United States' sovereign immunity for certain tort claims:

> "Absent an unequivocally expressed statutory waiver, the United States ... [is] immune from suit based on the principle of sovereign immunity." *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (internal quotation marks omitted). The FTCA provides for a limited waiver of sovereign immunity for "injury or loss of property ... caused by the negligent or wrongful act or omission" of a federal government employee "acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). But the FTCA is limited by a number of exceptions[, and to the extent such an exception applies,] the United States has not waived its sovereign immunity, and federal courts lack subject matter jurisdiction over claims premised on those acts. *See Fazi v. United States*, 935 F.2d 535, 537 (2d Cir. 1991).

*Cangemi v. United States*, 13 F.4th 115, 129–30 (2d Cir. 2021).

One such exception under the FTCA is that the claimant must first exhaust administrative remedies by filing a claim with the appropriate agency within two years of the injury. *See, e.g., Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) ("Although the FTCA provides a limited waiver of the government's sovereign immunity in federal court for injuries arising from the tortious conduct of federal officers or agents

acting within the scope of their office or employment, 28 U.S.C. § 1346(b)(1), a plaintiff bringing an action under the FTCA must first exhaust administrative remedies by filing a claim for monetary damages with the appropriate federal entity within two years of the injury's accrual, 28 U.S.C. § 2401(b); *Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). Failure to comply with this exhaustion requirement deprives Article III courts of subject matter jurisdiction over FTCA claims. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).").

A further exception is that the FTCA's limited waiver of sovereign immunity applies only to claims that arise "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See, Williams v. United States*, 183 F. App'x 125, 127 (2d Cir. 2006) ("The FTCA confers jurisdiction upon the courts to hear claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)."). This "private analogue requirement" of the FTCA "bars claims 'based on governmental action of the type that private persons could not engage in and hence could not be liable for under local law.'" *Cangemi v. United States*, 13 F.4th at 133, n. 12 (quoting *Liranzo v. United States*, 690 F.3d 78, 86 (2d Cir. 2012) (internal quotation marks omitted); *see also, Watson v. United States*, 865 F.3d 123, 135 (2d Cir. 2017) ("Because New York does not recognize a duty to follow private regulations, Watson cannot ground his negligence claim on ICE's failure to follow its own directives regarding how to pursue an investigation into a subject's citizenship. This negligence

claim consequently fails for lack of a private analogue, and we affirm the district court's dismissal of that claim.") (footnote omitted).

More importantly, for purposes of this action, it is well-settled that the United States has established the VJRA, and not the FTCA, as the exclusive statutory scheme under which to seek judicial review of claims involving veterans' benefits:

> Chapter 38 of the United States Code limits the ability to challenge a determination by the Department [of Veterans Affairs]. 38 U.S.C. § 511 expressly states that:
>
> > The Secretary [of Veteran Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
>
> 38 U.S.C. § 511(a). Instead of judicial review of the Secretary of Veteran Affairs's decisions, Congress enacted the Veterans' Judicial Review Act ("VJRA") which provides for a "multi-tiered review of veteran's benefits claims...." *Philippeaux v. United States*, No. 10-cv-6143, 2011 WL 4472064, at *4 (S.D.N.Y. Sept. 27, 2011). This review begins with an appeal to the BVA, the decision of which is solely reviewed by the Court of Appeals for Veterans Claims. *See* 38 U.S.C. §§ 7104(a); 7252(a). Those decisions are then appealable only to the United States Court of Appeals for the Federal Circuit, which "is then subject to review in the United States Supreme Court by writ of certiorari." *See Philippeaux*, 2011 WL 4472064, at *4; *see also Ramnarain v. U.S. Veterans Admin.*, No. 11 CIV. 4988, 2012 WL 1041664, at *1 (E.D.N.Y. Mar. 28, 2012) (setting forth the procedure for challenging the denial of benefits). As such, "the statutory scheme forecloses the possibility of review for disputed veterans benefits claims in any federal district court." *Odonoghue v. U.S. Dep't of the Army*, No. 12-CV-5338, 2012 WL 5959979, at *2 (E.D.N.Y. Nov. 26, 2012).

*Conyers v. United States*, No. 16CV2816JFBSIL, 2018 WL 1157754, at *6 (E.D.N.Y. Jan. 31, 2018), report and recommendation adopted, No. 16CV2816JFBSIL, 2018 WL 1157823 (E.D.N.Y. Mar. 2, 2018); *see also, Hassan v. U.S. Dep't of Veterans Affs.*, 137 F. App'x 418, 420 (2d Cir. 2005) ("Under 38 U.S.C. § 511(a), the district court is barred from reviewing the defendants' benefits determination, as that section provides that, subject to exceptions not applicable here, 'the decision of the Secretary [of Veterans Affairs] as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.' *Id*.").

The VJRA does not bar all claims concerning veterans' benefits, however, and permits, for example, "suits challenging the constitutionality of the statutes underlying veterans' programs, to which § 511(a) does not apply (over which courts thus have jurisdiction)." *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994). However, litigants cannot avoid Section 511(a) by dressing up what are really benefits claims as constitutional claims or other types of claims for which the Government may have waived sovereign immunity. *See, Sugrue v. Derwinski*, 26 F.3d at 11 ("Although Sugrue's complaints invoke provisions of the Fifth Amendment and are styled in part as constitutional actions, the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms. *See Pappanikoloaou v. Administrator of Veterans Admin*., 762 F.2d 8, 9 (2d Cir.) (per curiam) ('one may not circumvent § [5]11(a) by seeking damages on a constitutional claim arising out of a denial of benefits') (collecting cases), *cert. denied*, 474 U.S. 851, 106 S.Ct. 150, 88 L.Ed.2d 124 (1985); *see also Larrabee*, 968 F.2d at 1500 (§ 511(a) 'precludes judicial review of non-facial constitutional claims') (collecting cases). Similarly, neither [may

other federal statutes] be used as a rhetorical cover to attack VA benefits determinations.").[8]

As particularly relevant here, when a Plaintiff brings an action under the FTCA that somehow relates to a particular claim for VA veterans' benefits, the test for determining whether § 511(a) applies, is whether resolving the action would require the court to determine if the VA acted properly in handling the benefits claim:

> Consistent with this paradigm, the D.C. Circuit has developed a relevant test to determine whether the use of the FTCA constitutes a disguised collateral attack on a benefits determination. In *Price v. United States*, a veteran alleged that the VA had "wrongfully failed to reimburse him for certain medical expenses." 228 F.3d 420, 422 (D.C. Cir. 2000). The D.C. Circuit held that it was barred from hearing this claim because, for the court to decide the issue presented—whether the VA wrongfully failed to reimburse Price—it "would require [...] to determine first whether the VA acted properly in handling [the] request for reimbursement." *Id*. Specifically, the court found that judicial review is foreclosed when a claim "would require the district court to determine first whether the VA acted properly" in handling [plaintiff's] request for reimbursement or a benefits determination.

*Conyers v. United States*, 2018 WL 1157754, at *7 (footnote omitted); *see also id*. at n. 1 ("While the Second Circuit has not explicitly addressed this framework, courts within the Circuit have utilized it in addressing FTCA claims. *See Majid v. DOVA Med. Ctr.*, No. 13-cv-2958, 2013 WL 3766559, at *2 (E.D.N.Y. July 11, 2013); *see also Philippeaux* [*v. U.S.*, No. 10 Civ. 6143 (NRB),] 2011 WL 4472064 at *4 [S.D.N.Y. Sep. 27, 2011)].[9]").

---

[8] *See also, Kumnick v. United States*, No. 805CV-01511-JDW-MAP, 2007 WL 4614771, at *3 (M.D. Fla. Dec. 31, 2007) ("Plaintiff additionally argues that dismissal of his claim amounts to a denial of due process.  It is well established that 38 U.S.C. § 511 precludes judicial review of VA benefits. Moreover, the statutory bar to judicial review may not be circumvented by characterizing what are in essence challenges to VA benefits determinations in constitutional terms.   The complaint does not present a facial attack on the constitutionality of § 511(a).   *Rather, the gravamen of Plaintiff's claim is that he was denied benefits*.") (emphasis added, citations and internal quotation marks omitted).
[9] *Philippeaux* quoted the *Price* decision for the proposition that, "[w]hen a veteran's 'underlying ... claim is

11

DISCUSSION

The VJRA Deprives this Court of Jurisdiction Over Plaintiff's Claims

In the instant case, Plaintiff acknowledges the wide jurisdictionally-preclusive scope of § 511(a) of the VJRA, but asserts that § 511(a) only applies when the VA has actually made an actual adverse benefits decision, which it never did in his case:

> Courts within the Second Circuit have construed Section 511(a) so that it applies to withhold jurisdiction in circumstances when the VA has made a decision on a veteran's benefits claim.  When no decision has been made, arguably Section 511(a) does not apply.

ECF No. 10 at p. 1.  For support of this argument, Plaintiff relies primarily on two court decisions, *Broudy v. Mather*, 460 F.3d 106 (D.C. Cir. 2006) ("*Broudy*") and *Hanlin v. U.S.*, 214 F.3d 1319 (Fed. Cir. 2000) ("*Hanlin*"), which, he maintains, hold that § 511 only bars district courts from exercising jurisdiction over issues which the VA has already addressed.  Put differently, he contends that this Court may exercise jurisdiction over issues which the VA has not actually decided, and that § 511 is not implicated here since the VA never decided his application for disability benefits, leaving him free to sue under the FTCA.

Plaintiff additionally maintains that § 511(a) does not apply here, since he is not really suing over veterans' disability benefits.  On this point, Plaintiff states that "the subject of this litigation is not whether Veteran Schwingle has been entitled to disability benefits since 1972," but, "[r]ather it is to seek redress for the tortious conduct of Defendant's employees, which was discovered in December 2017." ECF No. 10 at p. 6.

However, the Court disagrees with Plaintiff's arguments, for several reasons.  As

---

an allegation that the VA unjustifiably denied him a veterans' benefit,' '[t]he district court lack[s] jurisdiction.'" 2011 WL 4472064, at *5.

a preliminary matter, the *Hanlin* decision is not helpful to Plaintiff, since it does not address the specific issue in this case, which is whether there needs to be an actual decision made by the VA for § 511 to apply to a lawsuit involving veterans' benefits.   On the other hand, Plaintiff's reliance on *Broudy* is reasonable, as that case does indeed say what Plaintiff says it does, namely, that "§ 511(a) prevents district courts from hearing a particular question only when the Secretary has "actually decided the question.   Where there has been no such decision, § 511(a) is no bar." *Broudy*, 460 F.3d at 114 (citation and internal quotation marks omitted); *see also, Roman Cancel v. United States*, 598 F. Supp. 2d 227, 232 (D.P.R. 2008) (citing *Broudy* for proposition that "court has jurisdiction to consider question arising under laws that affect provision of benefits as long as Secretary has not actually decided question in course of benefits proceeding.").

However, *Broudy*'s holding on the relevant point has not been followed by other courts.   For example, the Sixth and Ninth Circuit Courts of Appeals have ruled that § 511's preclusive effect is broader than what was stated in *Broudy*.   In *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir.1997), the Sixth Circuit held that § 511(a) deprived the district court of jurisdiction over a lawsuit brought by veterans challenging certain VA benefit claim procedures, even though the VA had not yet made a decision, since the lawsuit implicated issues that related to particular benefits decisions. *See, Beamon v. Brown*, 125 F.3d at 971 ("[T]he VJRA explicitly granted comprehensive and exclusive jurisdiction to the [Court of Veterans Appeals [("]CVA["])] and the Federal Circuit over claims seeking review of VA decisions that relate to benefits decisions under § 511(a).   This jurisdiction includes constitutional issues and allegations that a VA decision has been unreasonably

delayed.").[10] Subsequently, in *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012), the Ninth Circuit, hearing the matter *en banc,* also interpreted VJRA § 511(a) more broadly than in *Broudy*, stating:

> [W]e conclude that § 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations. This standard is consistent with Congress's intention to "broaden the scope" of the judicial preclusion provision, H.R.Rep. No. 100–963, at 27, 1988 U.S.C.C.A.N. at 5809, and is reflected in § 511(a)'s plain statement that we may not review a "decision by the Secretary under a law that affects the provision of [veterans'] benefits," 38 U.S.C. § 511(a). This preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases.

*Veterans for Common Sense v. Shinseki*, 678 F.3d at 1025 (citations omitted); *see also, id.* at 1023 (Observing that when Congress enacted VJRA § 511(a), it was "quite serious about limiting our jurisdiction over anything dealing with the provision of veterans' benefits."); *id.* at 1029 ("VCS's challenge to delays in the VA's adjudication of veterans' disability benefits plainly implicates questions of law and fact regarding the appropriate method of providing benefits to individual veterans. The district court cannot decide such claims without determining whether the VA acted properly in handling individual veterans' benefits requests at each point in the process. Section 511 deprives the district court of

---

[10]*See also, Valentini v. Shinseki*, 860 F. Supp. 2d 1079, 1113 n. 15 (C.D. Cal. 2012) ("The Court acknowledges that other cases have disapproved of *Broudy*, and that other circuits have read § 511 to bar a broader set of claims. *See, e.g., Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir.1997)."); *Vietnam Veterans of Am. v. Cent. Intel. Agency*, No. C 09-0037 CW, 2010 WL 11730743, at *4 (N.D. Cal. Nov. 15, 2010) ("The D.C. Circuit [in *Broudy*] read section 511 narrowly[.] . . . [W]hile *Broudy* limits the effect of section 511 to decisions "actually decided ... in the course of a benefits proceeding," 460 F.3d at 114, *Beamon* takes a more expansive view, concluding that the statute encompasses decisions that are "necessary precursor[s] to deciding veterans benefits claims," 125 F.3d at 970.").

14

jurisdiction over such questions.").

Moreover, even the D.C. Circuit Court of Appeals has observed that there is some "tension" between the *Broudy* decision and other decisions of that Court interpreting VJRA § 511(a) more broadly, including one in which that Court found that § 511(a) precluded jurisdiction even though the VA apparently had not actually decided an underlying claim for veterans' benefits. *See, Vietnam Veterans of America v. Shinseki*, 599 F.3d 654, 659 (D.C. Cir. 2010) ("In *Price* [*v. United States*, 228 F.3d 420 (D.C. Cir. 2000)], however, another case involving a claim for medical benefits, we noted that '[t]he record does not reflect whether Price pursued a formal reimbursement claim with the VA. Nevertheless, because Price is challenging the VA's action *or inaction* with respect to a veterans' benefit matter, the district court lacked subject matter jurisdiction over the complaint.") (emphasis added); *see also, id*. at 659 ("Undeniably, as the government suggested, there is tension between *Price* . . . and *Broudy* . . . particularly in light of our recognition in *Price* that the record did not even indicate whether the plaintiff had actually brought his reimbursement claim."); *see also, Price v. U.S*., 228 F.3d at 422 ("Here, the propriety of the VA's purported refusal to reimburse Price has not yet been established. Because a determination whether the VA acted in bad faith or with negligence would require the district court to determine whether the VA acted properly in handling Price's request for reimbursement, judicial review is foreclosed by 38 U.S.C. § 511(a).").

Indeed, while the Second Circuit has not directly addressed the issue, the majority of Circuit Courts of Appeals that has considered the issue has not limited VJRA § 511(a) only to situations where the VA has actually denied a claim for veterans' benefits. For instance, courts have held that claims involving delay by the VA in deciding a particular claim or in providing a benefit are also covered by § 511(a). *See, e.g., Lewis v. Norton*,

355 F. App'x 69, 70 (7th Cir. 2009) ("The VJRA's jurisdictional scheme precludes district courts from reviewing challenges to individual benefits decisions such as denials *or delays* of benefits.") (emphasis); *see also*, *El Malik v. United States*, 800 F. App'x 560, 561 (9th Cir. 2020) ("The district court properly dismissed El Malik's FTCA claim for lack of subject matter jurisdiction pursuant to the [VJRA]. The VJRA jurisdictionally barred El Malik's claims. See 38 U.S.C. § 511(a). As alleged in the second amended complaint, *El Malik's claims were premised on delays of the Department of Veterans Affairs ("VA") in processing his claims* for home-adaptation benefits and in providing those benefits. Resolving El Malik's claims would require the district court to "determine whether the VA acted properly in handling [El Malik's] request for benefits," and thus, § 511(a) bars jurisdiction over those claims.") (citation omitted); *Smith v. United States*, 7 F.4th 963, 986 (11th Cir. 2021) ("The approval and authorization of a particular treatment or the payment thereof are quintessential benefits determinations. So too is whether any such approval or authorization occurred in a timely manner. In order to adjudicate these claims, the district court would first need to determine whether and to what extent Mr. Smith was eligible for and entitled to certain tests or treatments.").

In sum, the Court rejects Plaintiff's contention that VJRA § 511(a) only applies where the VA has made an actual decision denying veterans' benefits. Rather, § 511(a) also applies in the situation presented in this lawsuit, since resolution of Plaintiff's claim that the VA acted negligently in handling his disability claim, by failing to decide the claim or communicate with him about it for almost fifty years, would require this Court to evaluate whether the VA acted properly in handling Plaintiff's benefit request. *See*, *Veterans for Common Sense v. Shinseki*, 678 F.3d at 1029 ("VCS's challenge to delays in the VA's adjudication of veterans' disability benefits plainly implicates questions of law

and fact regarding the appropriate method of providing benefits to individual veterans. The district court cannot decide such claims without determining whether the VA acted properly in handling individual veterans' benefits requests at each point in the process. Section 511 deprives the district court of jurisdiction over such questions.").

In any event, assuming that Plaintiff actually filed his disability benefits application in 1972, it is difficult to view the VA's subsequent decades-long silence as anything other than a "decision" to deny his claim. *See, Milbauer v. United States*, 587 F. App'x 587, 591 (11th Cir. 2014) ("Although the VA did not actually deny Milbauer's request for an outside MRI, we agree with the Eighth Circuit's conclusion that "there is no meaningful legal difference between a *delay* of benefits and an outright *denial* of benefits" for purposes of the VJRA. *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir.2009) (emphasis in original). Accordingly, the VJRA barred judicial review, and the district judge correctly dismissed that claim for lack of subject matter jurisdiction. 38 U.S.C. § 511(a)."). However, regardless of whether one views the VA's silence in this action as an "actual decision" by the VA within the meaning of *Broudy*, or as just a delay, it is clear that federal courts have applied § 511(a) to bar claims alleging both delays and denials of benefits.

Additionally, the Court rejects Plaintiff's contention that his claim is not really about benefits. Plaintiff claims that he applied for disability benefits because he suffered PTSD and other mental health problems as a result of his military service. *See*, Amended Complaint at ¶ 14 ("Plaintiff [suffers] from severe PTSD and other mental health problems as a result of his combat service in Vietnam."). Moreover, Plaintiff alleges that his damages from the alleged negligence by the VA resulted from the VA not processing his disability claim, the approval of which would have validated his experience and given him insight into his condition, by confirming that the injuries were "compensable." *See*,

17

Amended Complaint at ¶ 20 ("The actions of Defendant, its employees and agents caused Plaintiff to continue to abuse alcohol, experience worsened emotion distress, nightmares, flashbacks, hypervigilance, paranoia and periodic mental breakdown without understanding that he was experiencing *compensable medical problems arising out of his military experience*.") (emphasis added).   Plaintiff does not contend that he would not have experienced those same symptoms if the VA had approved his claim; rather, he contends that his injury consists of having had to endure those symptoms "without understanding" that his problems were "compensable." *Id*.; *see also, id*. at ¶ 27 ("These actions and/or omissions by Defendant, its employees and agents caused economic loss to Plaintiff over and above the amount of disability benefits he might have been paid over more than forty-five years.   Defendant's *lack of a decision* prevented Plaintiff from knowing he was suffering from *compensable* psychiatric problems.") (emphasis added); *see also, id*. at ¶ ¶ 34, 40, 46, 52 (same).   The premise of Plaintiff's claims is that his disability was, in fact, compensable, meaning that he should have been granted disability benefits by the VA.   Thus, Plaintiff's claims in this action ultimately turn upon the question of whether he in fact suffered *compensable* injuries while serving in the Army. Therefore, the gravamen of Plaintiff's pleading is that the VA negligently failed to render a timely decision granting his application for disability benefits.   However, as discussed earlier, Plaintiff cannot avoid § 511(a) by dressing up a benefits claim as an FTCA negligence claim. *See, e.g., Conyers v. United States*, 2018 WL 1157754, at *8 ("Plaintiff's purported personal injuries are inextricably intertwined with the denial of [veterans'] benefits, and judicial review over such claims is foreclosed by Section 511(a).").

Since the Court believes that jurisdiction over this action is squarely barred by VJRA § 511(a), it does not reach Defendant's remaining arguments.

CONCLUSION

Defendants' motion to dismiss for lack of subject-matter jurisdiction (ECF No. 8) is granted and this action is dismissed without prejudice. The Clerk of the Court is directed to close this action.

SO ORDERED.

Dated: Rochester, New York
October 14, 2022

ENTER:

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge